Dear Mr. Delahaye:
I am in receipt of your request for an Attorney General's opinion concerning whether the loss of the original writing evidencing the superintendent's employment contract impacts his continued employment relationship with the School Board. Your letter indicates that on June 21, 2004, the School Board approved the contract of Martin H. Bera as School superintendent of Iberville Parish Schools. The School Board Minutes of the same date refer to the hiring of Mr. Bera as superintendent and contain a copy of the unsigned contract entered into between the parties. Subsequent to June 21, 2004, the original executed contract became lost and cannot be located in the offices of the School Board. Hence your question about whether the misplacement of the contract impacts Mr. Bera's employment status.
The formal burden of proving a lost instrument as set forth in Art. 1832 of LSA-C.C lends support to the contention that misplacement of Mr. Bera's contract did not affect his employment status. Art. 1832 states that "[w]hen the law requires a contract to be in written form, the contract may not be proved by testimony or presumption, unless the instrument has beendestroyed, lost or stolen. [My emphasis added.] The manner for proving the contents of the lost instrument is addressed in La.R.S. 13:3741 as well. This statute provides that
 [w]hen an instrument in writing, containing obligations which the party wishes to enforce, has been lost or destroyed, by accident or force, evidence may be given of its contents, provided the party show the loss, either by direct testimony, or by such circumstances, supported by the oath of the party, as render the loss possible; and in this case, the judge may, if required, order reasonable security to be given to indemnify the party against the appearance of the instrument, in case circumstances render it necessary.
Another reason that the absence of Mr. Bera's contract can be proven by presumption or testimony does not impinge upon his employment arrangement is codified in Title 17 of the Louisiana Revised Statutes and is entitled "Grounds for Removal of a Superintendent." La. R.S. 17:54 provides that
 [a] city or parish superintendent found incompetent, inefficient, or unworthy shall be removable for such cause by a majority vote of the membership of the school board at any regular meeting or at any special meeting after due notice.
In this case, someone lost or misplaced Mr. Bera's contract of employment. Notwithstanding the loss of this instrument, Mr. Bera has continued to act as superintendent and to perform the duties for which he was hired. At the same time, the school board has continued to pay Mr. Bera without interruption the full amount of his salary and benefits.
Mr. Bera's contract can be proven by presumption or testimony because the document was lost. C.C. art. 1832; La. R.S.13:3741. Many different sources can prove the existence of the contract. All the members of the school board, the school board's attorney and Mr. Bera himself can testify the school board did in fact hire him as superintendent on June 21, 2004 His hiring is further borne out by the minutes of the meeting of June 21, 2004 which indicate that the board took the necessary action to retain Mr. Bera's services as school board superintendent.
That the absence of Mr. Bera's contract of employment in no way affects his job is supported by the removal statute. La. R.S.17:54. Your letter does not indicate that the superintendent has been found incompetent, inefficient, or unworthy. The removal statute does not list the misplacement of the original employment contract as grounds for removal. Nor has there been any vote on his removal at either a regular or special meeting of the board. The grounds for removal of a superintendent have nothing to do with the absence of the original contract of employment, and therefore, do not impact on his employment relationship.
We hope that this sufficiently answers your inquiry, but if we can be of further assistance, please do not hesitate to contact us.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: CHRISTOPHER D. MATCHETT Assistant Attorney General